1

2

3

4

5

6

7

## UNITED STATES DISTRICT COURT

8

### EASTERN DISTRICT OF CALIFORNIA

9

10

| | |
|---|---|
| SUSAN CERVANTEZ, | Case No. 1:23-cv-00185-SKO |

11

Plaintiff,

12

v.

13

LELAND DUDEK,
Acting Commissioner of Social Security[1],

14

Defendant.            /

**ORDER GRANTING PLAINTIFF'S
COUNSEL'S UNOPPOSED MOTION
FOR ATTORNEY'S FEES PURSUANT
TO 42 U.S.C. § 406(b)**

(Doc. 24)

15

16

## I.    INTRODUCTION

17

18    On January 27, 2025, Jonathan Omar Pena ("Counsel"), counsel for Plaintiff Susan

19 Cervantez ("Plaintiff"), filed a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b)

20 ("section 406(b)").  (Doc. 24.)  On January 28, 2025, the Court issued a minute order requiring

21 Plaintiff and the Commissioner to file their responses in opposition or statements of non-opposition

22 to Counsel's motion, if any, by no later than February 13, 2025.  (Doc. 26.)  Plaintiff and the

23 Commissioner were served with a copy of the motion for attorney's fees.  (*See* Doc. 25.)  No

24 opposition to the motion was filed by any party.

25    For the reasons set forth below, Counsel's motion for an award of attorney's fees is granted

26

27

28

[1] On February 19, 2025, Leland Dudek was appointed the Acting Commissioner of the Social Security Administration. *See* https://blog.ssa.gov/statement-from-acting-commissioner-dudek/ (last visited by the Court on February 24, 2025). He is therefore substituted as the defendant in this action. *See* 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

1    in the amount of $18,236.00, subject to an offset of $5,656.77 in fees already awarded pursuant to

2    the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), on December 14, 2023 (*see* Doc.

3    23).

4                              **II.      BACKGROUND**

5            Plaintiff brought the underlying action seeking judicial review of a final administrative

6    decision denying her claim for disability benefits under the Social Security Act.  (Doc. 1.)  The

7    parties stipulated to voluntarily remand the case pursuant to sentence four of 42 U.S.C. § 405(g) on

8    September 15, 2023, and judgment was entered in favor of Plaintiff and against the Commissioner

9    on September 18, 2023.  (Docs. 19, 20, 21.)  On December 12, 2023, the parties stipulated to an

10   award of $5,656.77 in attorney fees under EAJA, which was entered on December 14, 2023.  (Docs.

11   22, 23.)

12           On remand, the Commissioner found Plaintiff disabled.  (Doc. 24 at 3.)  On January 13,

13   2025, the Commissioner issued a letter to Plaintiff approving her claim for benefits and awarding

14   her $72,944.00 in back payments beginning January 2020.  (*See* Doc. 24-2 at 3 (indicating 25% of

15   past due benefits totals $18,236.00.).)  On January 27, 2025, Counsel filed a motion for attorney's

16   fees in the amount of $18,236.00, equal to 25% of Plaintiff's back benefits, with an offset of

17   $5,656.77 for EAJA fees already awarded.  (Doc. 24 at 1–2.)  It is Counsel's section 406(b) motion

18   for attorney's fees that is currently pending before the Court.

19                              **III.      DISCUSSION**

20           Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in which

21   they have successfully represented social security claimants.  Section 406(b) provides the following:

22           Whenever a court renders a judgment favorable to a claimant under this subchapter
             who was represented before the court by an attorney, the court may determine and
23           allow as part of its judgment a reasonable fee for such representation, *not in excess
             of 25 percent of the total of the past-due benefits to which the claimant is entitled by*
24           *reason of such judgment*, and the Commissioner of Social Security may . . . certify
             the amount of such fee for payment to such attorney out of, and not in addition to,
25           the amount of such past-due benefits . . . .

26

27   42 U.S.C. § 406(b)(1)(A) (emphasis added).  "In contrast to fees awarded under fee-shifting

28   provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits

                                           2

1  awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147

2  (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)).    The

3  Commissioner has standing to challenge the award, despite that the section 406(b) attorney's fee

4  award is not paid by the government. *Craig v. Sec'y Dep't of Health & Human Servs.*, 864 F.2d

5  324, 328 (4th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807.  The goal of

6  fee awards under section 406(b) is to provide adequate incentive to represent claimants while

7  ensuring that the usually meager disability benefits received are not greatly depleted. *Cotter v.*

8  *Bowen*, 879 F.2d 359, 365 (8th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at

9  807.

10       The 25% maximum fee is not an automatic entitlement, and courts are required to ensure

11  that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808–09 (Section 406(b) does not displace

12  contingent-fee agreements within the statutory ceiling; instead, section 406(b) instructs courts to

13  review for reasonableness fees yielded by those agreements). "Within the 25 percent boundary . . .

14  the attorney for the successful claimant must show that the fee sought is reasonable for the services

15  rendered." *Id*. at 807; *see also Crawford*, 586 F.3d at 1148 (holding that section 406(b) "does not

16  specify how courts should determine whether a requested fee is reasonable" but "provides only that

17  the fee must not exceed 25% of the past-due benefits awarded").

18       Generally, "a district court charged with determining a reasonable fee award under

19  § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking

20  first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at

21  1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808).  The United States Supreme Court has identified

22  several factors that may be considered in determining whether a fee award under a contingent-fee

23  agreement is unreasonable and therefore subject to reduction by the court: (1) the character of the

24  representation; (2) the results achieved by the representative; (3) whether the attorney engaged in

25  dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the

26  benefits are large in comparison to the amount of time counsel spent on the case; and (5) the

27  attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent

28  cases. *Id.* (citing *Gisbrecht*, 535 U.S. at 807–08).

1

2      Here, the fee agreement between Plaintiff and Counsel, signed by both parties, provides:

3          It is possible that I will not pay any attorney fee out of my past-due benefits for my
           attorney's work on my behalf in court, but rather my attorney will receive the EAJA
4          award as his or her sole compensation for representing me in court.  However, my
           attorney has the right under this contract to ask the court to award as much as 25%
5          of my past-due benefits for representing me in court.  If the court awards an attorney
           fee out of my past-due benefits and also awards an EAJA fee for that same work,
6          my attorney must refund to me the smaller fee.

7    (Doc. 24-3 (signed January 30, 2023).)

8          The Court has considered the character of Counsel's representation of Plaintiff and the good

9    results achieved by Counsel, which included an award of benefits.  Counsel spent 23.3 hours

10   representing Plaintiff, ultimately gaining a favorable decision in that the Commissioner's decision

11   was reversed and remanded to the agency for reconsideration.  (Doc. 24 at 3, 7; Doc. 24-4 (time

12   sheets accounting for 23.3 attorney hours spent representing Plaintiff before this Court).)  There is

13   no indication that a reduction of the award is warranted due to any substandard performance by

14   Counsel, as Counsel secured a successful result for Plaintiff.  There is also no evidence that Counsel

15   engaged in any dilatory conduct resulting in delay.

16         Although the accepted range in the Fresno Division for attorneys like Counsel with ten to

17   twenty years of experience (*see* Doc. 24 at 7) is between $250 and $325 per hour in non-contingency

18   cases*, see Webb v. Cnty. of Stanislaus,* No. 1:19-cv-01716-DAD-EPG, 2022 WL 446050, at *6 (E.D.

19   Cal. Feb. 14, 2022), here the effective hourly rate requested equals $782.66 per hour.  (*See* Doc. 24

20   at 5.)  This hourly rate is not excessive when compared to what the Ninth Circuit has approved in

21   cases involving social security contingency fee arrangements.  *See Crawford*, 586 F.3d 1142, 1153

22   (9th Cir. 2009) (explaining that the majority opinion found reasonable effective hourly rates

23   equaling $519, $875, and $902) (J. Clifton, concurring in part and dissenting in part); *see also*

24   *Thomas v. Colvin*, No. 1:11−cv−01291−SKO, 2015 WL 1529331, at *2−3 (E.D. Cal. Apr. 3, 2015)

25   (upholding an effective hourly rate of $1,093.22 for 40.8 hours of work); *Jamieson v. Astrue*, No.

26   1:09CV0490 LJO DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) (upholding an effective

27   hourly rate of $1,169.49 for 29.5 hours of work); *Palos v. Colvin*, No. CV 15−04261−DTB, 2016

28   WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) (upholding an effective hourly rate of $1,546.39 for

4

1  9.7 hours of work); *Villa v. Astrue,* No. CIV−S−06−0846 GGH, 2010 WL 118454, at *1−2 (E.D.

2  Cal. Jan. 7, 2010) (approving section 406(b) fees exceeding $1,000 per hour for 10.4 hours of work,

3  and noting that "[r]educing § 406(b) fees after *Crawford* is a dicey business").  Further, attorney's

4  fees in the amount of $18,236.00 do not exceed 25% of the past-due benefits awarded and are not

5  excessive in relation to the past-due award. *See generally Ortega v. Comm'r of Soc. Sec.,* No. 1:12–

6  cv–01030–AWI–SAB, 2015 WL 5021646, at *3 (E.D. Cal. Aug. 21, 2015) (granting petition for an

7  award of attorney's fees pursuant to section 406(b) in the amount of $24,350.00); *Thomas*, 2015

8  WL 1529331, at *3 (granting petition for an award of attorney's fees pursuant to section 406(b) in

9  the amount of $44,603.50); *Boyle v. Colvin*, No. 1:12–cv–00954–SMS, 2013 WL 6712552, at *2

10  (E.D. Cal. Dec. 19, 2013) (granting petition for an award of attorney's fees pursuant to section

11  406(b) in the amount of $20,577.57); *Jamieson*, 2011 WL 587096, at *2 (recommending an award

12  of attorney's fees pursuant to section 406(b) in the amount of $34,500).

13          In making this determination, the Court recognizes the contingent-fee nature of this case and

14  Counsel's assumption of risk in agreeing to represent Plaintiff under such terms.  "District courts

15  generally have been deferential to the terms of contingency fee contracts in § 406(b) cases." *Hearn*

16  *v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) ("Because attorneys like Mr. Sackett

17  contend with a substantial risk of loss in Title II cases, an effective hourly rate of only $450 in

18  successful cases does not provide a basis for this court to lower the fee to avoid a 'windfall.'"

19  (quoting *Gisbrecht*, 535 U.S. at 807)).  Attorneys who agree to represent claimants pursuant to a

20  contingent fee agreement assume the risk of receiving no compensation for their time and effort if

21  the action does not succeed. *Id.*  Here, Counsel accepted substantial risk of loss in representing

22  Plaintiff, whose application had already been denied at the administrative level.  Plaintiff agreed to

23  the contingent fee.  (*See* Doc. 24-3.)  Working efficiently and effectively, Counsel secured a

24  stipulated remand, and ultimately, the award of substantial benefits to Plaintiff. (*See* Docs. 19, 20,

25  24-2.)

26          An award of attorney's fees pursuant to section 406(b) in the amount of $18,236.00 is,

27  therefore, appropriate.  An award of section 406(b) fees, however, must be offset by any prior award

28  of attorney's fees granted under the EAJA.  28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796.  As

1   Plaintiff was previously awarded $5,656.77 in fees pursuant to the EAJA, Counsel shall refund this

2   amount to Plaintiff.

3                        **IV.        CONCLUSION AND ORDER**

4            For the reasons stated above, the Court concludes that the fees sought by Counsel pursuant

5   to section 406(b) are reasonable.  Accordingly, IT IS ORDERED that:

6            1.      Counsel's unopposed motion for an award of attorney's fees pursuant to 42 U.S.C. §

7   406(b) in the amount of $18,236.00 (Doc. 24) is granted;

8            2.      Counsel shall refund to Plaintiff $5,656.77 of the section 406(b) fees awarded as an

9   offset for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d) (Doc. 23); and

10           3.      Counsel for Plaintiff shall file on the Court's docket proof of service of this order

11  upon Plaintiff at her current or last known address.

12  IT IS SO ORDERED.

13

14  Dated:   **February 25, 2025**                          /s/ *Sheila K. Oberto*
15                                                          UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28